CT Corporation

**Service of Process Transmittal**
06/15/2020
CT Log Number 537795685

TO:     KIM LUNDY SERVICE OF PROCESS
        WALMART INC.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Georgia**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANGELA HOSKINS, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20SC0572A |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2020 at 17:24 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2020, Expected Purge Date: 06/21/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company (FL)<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

**EXHIBIT D**

Page 1 of  1 / VL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. _____**20SC-0572-A**_____

Date Filed _____**06/09/20 12:48 PM**_____

Attorney's Address    **Campbell, Sean S**
**WOOD CRAIG & AVERY, LLC**
**1201 Peachtree Street NE**
**Suite 1700**
**Atlanta, Georgia 30361**

Name and Address of Party to be Served.
**Wal-Mart Stores East, LP**

**112 North Main Street**

**Cumming, Georgia 30040**

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Georgia, _____**FORSYTH**_____ COUNTY

HOSKINS, ANGELA
_____
_____
Plaintiff

VS.

Wal-Mart Stores East, LP
_____
_____
Defendant

_____
Garnishee

---

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows: age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant _____The   Corporation   Company_____ a corporation by leaving a copy of the within action and summons with _____Andy   Lipscomb_____ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____not to be found in the jurisdiction of this court.

This _15__ day of _____Jun_____, 20 _20_ _____

Deputy

# STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

Judge Leslie Abernathy-Maddox
JUN 09, 2020 12:48 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER   20SC-0572-A

HOSKINS, ANGELA

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP

**DEFENDANT**

### SUMMONS

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Sean S Campbell**
> **WOOD CRAIG & AVERY, LLC**
> **1201 Peachtree Street NE**
> **Suite 1700**
> **Atlanta, Georgia 30361**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of June, 2020.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

Judge Leslie Abernathy-Mad
JUN 09, 2020 12:48 PM

Greg G. Allen, Cler
Forsyth County, Georgi

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

ANGELA HOSKINS,                             )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )   Civil Action File No. _____
                                            )
WAL-MART STORES EAST, LP,                   )
                                            )       **JURY TRIAL DEMANDED**
                                            )
                                            )
            Defendant.                      )

## COMPLAINT

COMES NOW Plaintiff and files this Complaint against Defendant as follows:

1.

Plaintiff was a resident of the State of Georgia, at all times relevant to this Complaint and is subject to the jurisdiction of this court.

2.

Defendant Wal-Mart Stores East, LP ("Defendant") is a foreign limited partnership authorized to do business in Georgia and may be served with process via its registered agent, The Corporation Company, located in Forsyth County at 112 North Main Street, Cumming, GA 30040.

3.

Defendant been properly served with Plaintiff's complaint.

4.

Defendant is subject to the venue and jurisdiction of this court.

5.

On or about September 5, 2018, Plaintiff was a customer at the Wal-Mart Supercenter retail store located at 1550 Riverstone Parkway Canton, GA 30114 (hereinafter referred to as "the premises").

6.

On or about September 5, 2018, the premises was owned and operated by Defendant.

7.

On or about September 5, 2018, Plaintiff was an invitee on Defendant's premises.

8.

While shopping, the Plaintiff slipped and fell on a liquid that was on the floor (hereinafter referred to as "the hazard").

9.

There were no cones or other warnings in the area of the hazard at the time of the fall.

10.

Defendant had exclusive ownership, possession and control over the premises at all times relevant to this litigation.

11.

At all times relevant to this action, Defendant's employees were in the immediate vicinity and could have noticed or removed the hazard.

12.

As a result, Plaintiff suffered injuries and has incurred medical expenses.

13.

At all relevant times, Defendant owed a duty of reasonable care to Plaintiff to keep the premises free of hazardous conditions; to notify invitees of hazardous conditions; and to remedy such hazardous conditions.

14.

At all times relevant, Defendant had a non-delegable duty to maintain a reasonably safe premises for invitees such as Plaintiff.

15.

Defendant, along with its agents, employees, and members, knew or should have known of the hazard.

16.

At all times relevant, Plaintiff exercised due and reasonable care for her personal safety.

17.

Defendant, along with its agents, employees, and members, breached its duty of care to Plaintiff by failing to remedy an unsafe condition on the premises.

18.

This unsafe condition was the cause of Plaintiff's injuries.

19.

Defendant's negligence was the cause of Plaintiff's injuries.

20.

Defendant is responsible for the conduct of Defendant's employees under the doctrine of respondeat superior, agency or apparent agency.

21.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and cleaning were performed.

22.

Defendant was negligent in training and supervising its staff.

23.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured.

24.

Plaintiff was injured as a result of the fault of Defendant.

25.

Defendant is responsible for injuring Plaintiff.

26.

Defendant is responsible for fairly compensating Plaintiff for her injuries and damages.

WHEREFORE, Plaintiff prays for trial on all issues and judgment against Defendant as follows:

a.    That Plaintiff recover medical expenses and lost wages in an amount to be proven at trial;

b.    That Plaintiff recover for pain and suffering in an amount to be determined by the jury;

c.    That Plaintiff recover such other and further relief as is just and proper; and

d.    That all issues be tried before a jury.

This _____ day of June, 2020

WOOD CRAIG & AVERY, LLC

_____

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.: 324930
Attorneys for Plaintiff

1201 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30361
(404) 888-9962

MONTLICK & ASSOCIATES, P.C.

_____

Kathleen Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

17 Executive Park Drive, Suite 300
Atlanta, GA 30329
(404) 235-5000
(404) 321-3323 (FAX)

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

Judge Leslie Abernathy-Mad
JUN 09, 2020 12:48 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. _____ |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff, by and through counsel, and hereby serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered in accordance with O.C.G.A. § 9-11-26 *et seq.*

When used in these Interrogatories, the term "Defendant", or any synonym thereof, is intended to, and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendants.

Defendant must respond to these Interrogatories by the forty-fifth day after following Service of the Complaint in this matter by sending the responses to counsel for Plaintiff on the forty-fifth day following service of this Complaint and these Interrogatories, or at any such time as may be mutually agreed upon by the parties and their attorneys. These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information but not later than the time of trial.

### INTERROGATORIES

1.

Please provide the name, address, telephone number, place of employment, job title or capacity, and relationship to Defendant of all persons who provided information in order to respond to these Interrogatories.

2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to Defendant who have knowledge of relevant information, facts or circumstances in this case.

5.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the

subject matter of this litigation, identifying same with sufficient particularity to satisfy a request for production of documents.

6.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons employed by Defendant at the time of the incident complained of in this action who had managerial or supervisory responsibilities at relating to maintaining the premises of the store where this incident occurred.    Please delineate the nature of those supervisory responsibilities, maintenance responsibilities and job titles of the individuals identified.

7.

In the event you or anyone acting in your behalf have or know of any photographs or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

(a)    its nature;

(b)    its specific subject matter;

(c)    the date it was made or taken;

(d)    the name and address of the person making or taking it;

(e)    what each item purports to show;

(f)    the name, address and telephone number of the person having

custody of each such item or items.

8.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his or her experience, education or training, is an expert or is

believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation. With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such person;

(d)     whether or not such person provided you with a written or recorded statement or report concerning their study or investigation, and if so, please state the date of the report, the name and address of the preparer of the report, and the name and address of all persons known to you to have a copy of each such statement or report.

9.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

(a)     the specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)     a summary of the facts or grounds for each such opinion or conclusion;

(d)     whether any such person has prepared or provided you with a written

or recorded statement or report concerning their investigation and, if
so, the name and address of all persons who have custody of such
report or statement.

10.

Please state whether there is or was in existence any policy or policies of liability insurance
which would or might inure to the benefit of the Plaintiff here by providing for payment of a part of,
or all of, any judgment rendered in favor of the Plaintiff against Defendant or against any other
person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident
described in the Complaint, and if the answer is yes, state as follows as to each such policy of
insurance known or believed to exist by you or your attorneys:

(a)     the name and address of the insurer on each such policy;

(b)     the name and address of each named insured on each such policy;

(c)     the relationship, if any, between each named insured on each such
        policy, and any named Defendant in this cause;

(d)     the policy number of each such policy;

(e)     the name and address of any firm, person or corporation who is or
        may be an "additional insured" under such policy by reason of the
        incident described in the Complaint, and the relationship, if any,
        between such

(f)     the limits of liability of such policy as might be applied to any one
        plaintiff by reason of any one incident and the total limits of liability
        to all persons by reason of any one incident;

(g)     whether or not any insurer has notified any insured that said insurer

or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

(h)   whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved and if the answer is "yes", describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice; and

(i)   whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above and if not, why not.

11.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to have knowledge about and concerning the physical condition of the Plaintiff prior to and following the incident described in the Complaint.

12.

If you contend that this Defendant is not the proper legal entity to be sued in this action, or if there is a misnomer, please identify whom you contend would be the proper legal entity or entities. This interrogatory does not seek any admission of legal liability, only the affirmation of legal responsibility in the event liability is proven.

13.

If you contend that any other entities or individuals bear responsibility for the Plaintiff's injuries in this litigation, please identify the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all such individuals and/or identify such legal entities by name and current address.

14.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities and present whereabouts of all persons who examined the location of Plaintiff's injury immediately before and after her injury, specifying particularly whether said persons examined the location before or after the injury.

15.

Please set forth in detail all steps taken by Defendant to avoid any future incidents such as that described in Plaintiff's Complaint.

16.

Please state whether or not Defendant is the in fact the owner of the property where the Plaintiff fell.

17.

Please identify whether surveillance captured the event that is the subject of this litigation, the location of the footage, as well as the entity in charge of monitoring the surveillance that would have captured this event more fully described in the Complaint.

18.

Please identify all incidents resulting in injuries taking place at the store where this incident occurred for the five (5) years prior to the incident more fully described in Plaintiff's

Complaint.  Please identify if there are incident reports or any other documentation that have memorialized these incidents and produce said reports to Plaintiff.

19.

For the incident that is the subject of this litigation, please state whether Defendant generated an incident report and if so, the custodian of said incident report.

20.

Please identify by name, address, and telephone number each employee of Defendant who was working at the store where this incident occurred on September 5, 2018.  For each individual, please state whether this individual is currently employed by this Defendant or not. If the individual is not currently employed by Defendant, please provide the employee's last known address and telephone number.

21.

Please identify any and all documentation that contains the policies and procedures for maintaining, cleaning, inspecting or otherwise keeping the store where this incident occurred free from hazardous conditions.

22.

Please identify all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to these Interrogatories.

23.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already

been identified, and give the name and address of the person(s) having possession, custody or control of each thing.

24.

Please identify the source of the liquid hazard on the floor of the area in which Plaintiff fell.

25.

Do you have any knowledge of any accident in which Plaintiff in this litigation was involved during Plaintiff's lifetime or of any prior or subsequent injuries that may have been sustained by Plaintiff? If so, please identify each such accident by date, place of occurrence, and other persons involved. For each prior injury of Plaintiff known to the party propounding these Interrogatory Responses, please identify each such injury, the date said injury was sustained, the manner in which said injury was sustained, and the physicians by whom the Plaintiff was treated.

26.

Please identify the date on which Defendant anticipated litigation might arise out of this incident.

This _____9_____ day of June, 2020

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.: 324930
Attorneys for Plaintiff

1201 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30361
(404) 888-9962

MONTLICK & ASSOCIATES, P.C.

Kathleen Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

17 Executive Park Drive, Suite 300
Atlanta, GA 30329
(404) 235-5000
(404) 321-3323 (FAX)

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

Judge Leslie Abernathy-Mad
JUN 09, 2020 12:48 PM

Greg G. Allen, Cler
Forsyth County, Georgi

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. _____ |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

Please admit the following:

1.

Please admit that service of process on you is proper and timely.

2.

Please admit that there has not been a failure to join a necessary and/or indispensable party to this action.

3.

Please admit that you are properly identified in the style of the Complaint.

4.

Please admit that you are subject to the jurisdiction of this Court.

5.

Please admit that you are subject to the venue of this Court.

6.

Please admit that you owed a duty to maintain the area where this incident occurred on September 5, 2018.

7.

Please admit that Plaintiff fell in a liquid hazard while on Defendant's premises on September 5, 2018.

8.

Please admit that the existence of the liquid on the floor where and when Plaintiff and other patrons were walking constituted a hazard.

9.

Please admit that Plaintiff did nothing to cause or contribute to her injuries.

10.

Please admit that Defendant breached its duty to Plaintiff by failing to adequately maintain Defendant's premises when this incident occurred.

11.

Please admit that you are responsible for Plaintiff's injuries and all special and general damages resulting from her injuries.

This _____ day of June, 2020

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.: 324930
Attorneys for Plaintiff

1201 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30361
(404) 888-9962

MONTLICK & ASSOCIATES, P.C.

Kathleen Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

17 Executive Park Drive, Suite 300
Atlanta, GA 30329
(404) 235-5000
(404) 321-3323 (FAX)

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

Judge Leslie Abernathy-Mad
JUN 09, 2020 12:48 PM

Greg G. Allen, Cler
Forsyth County, Georgi

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ANGELA HOSKINS,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       ) Civil Action File No. _____
                                         )
WAL-MART STORES EAST, LP,                )
                                         )
                                         )
                                         )
        Defendant.                       )

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW Plaintiff, by and through counsel, and in accordance with O.C.G.A. § 9-11-34, requests Defendant to produce the following requested documents to counsel for Plaintiff on the forty-fifth day following service of this Complaint and this Request for Production of Documents, or at any such other reasonable time or place as might be mutually agreed upon by the parties and their attorneys prior to said date, for the purpose of inspection and copying the matters requested below.

Plaintiff needs to examine, copy and inspect said described items and is unable, without due hardship, to obtain the substantial equivalent of the materials by other means, or, alternatively, Plaintiff is otherwise entitled to said items under O.C.G.A. § 9-11-34.

Defendant is requested to file a response to this Request on or before the above date in accordance with O.C.G.A. § 9-11-34. It is hereby certified that a true and correct copy of this foregoing notice of Request for the Production of Documents has been served upon Defendant by being attached to the Summons and Complaint.

## DOCUMENT REQUESTS

1.

The original of each and every written statement or a transcript of a recorded statement that covers the facts and/or circumstances of the incident that gives rise to the Complaint in this action.

2.

The originals of each and every photograph or other pictorial representation, including videotaping, of the events and happenings alleged in Plaintiff's Complaint that have been or is available to Defendant.

3.

A copy of each and every written or recorded statement or report concerning the study or investigation of each person identified in responses to Plaintiff's First Continuing Interrogatories to Defendant.

4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert upon the trial of this matter.

5.

A copy of each and every policy of liability insurance identified in this Defendant's answer to Plaintiff's First Interrogatories.

6.

Please produce any and all policies, procedures, guidelines, corporate directives, memoranda or any other document or tangible thing by whatever name called which sets forth any practices of this Defendant with respect to the operation, inspection and maintenance of the store where this incident occurred.

7.

Please provide any and all documents that provide or include any of the information responsive to Plaintiff's First Interrogatories Nos. 18, 19, 21, 22, and 23.

8.

Please produce copies of any and all complaints for damages resulting from slip and fall injuries where this incident occurred for the five (5) years preceding Plaintiff's fall.

9.

Please produce any incident report or other documentation of the incident that forms the basis of Plaintiff's Complaint.

10.

Please produce any and all correspondence or other documentation that in any way relates or related to the incident described in Plaintiff's Complaint that was sent internally or sent by Defendant to any other person or corporation.

11.

Please produce all written agreements or other documents which in any way address any issue of ownership, operation, management or maintenance of the area where Plaintiff was injured.

12.

Please produce all sweep cards, inspection reports, maintenance reports, or cleaning reports relative to the location where this incident occurred for the three (3) years preceding up to and including Plaintiff's incident.

13.

Please produce all medical records relating to Plaintiff obtained by your counsel through 9-11-34(c)

14.

Please produce all documents you intend to rely upon for any depositions, hearings, or the trial of this case.

15.

Please produce a list of all documents that are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

This _____ day of June, 2020

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.: 324930
Attorneys for Plaintiff

1201 Peachtree Street, N.E.
Suite 1700
Atlanta, GA 30361
(404) 888-9962

MONTLICK & ASSOCIATES, P.C.

Kathleen Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

17 Executive Park Drive, Suite 300
Atlanta, GA 30329
(404) 235-5000
(404) 321-3323 (FAX)

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

**Judge Leslie Abernathy-Maddox**
**JUN 18, 2020 10:48 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                    Civil Action File No.

       Plaintiff,                                 20SC-0572-A

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits only that it operated the subject store.  Defendant denies the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint, as stated.

10.

Defendant admits only that it operated the subject store.  Defendant denies the remaining allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

28.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a., b., c., and d., thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the <u>18th</u> day of June, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

**Judge Leslie Abernathy-Maddox**
**JUN 18, 2020 10:48 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                    Civil Action File No.
20SC-0572-A
        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## <u>12-PERSON JURY DEMAND</u>

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 18th day of June, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**20SC-0572-A**
**Judge Leslie Abernathy-Maddox**
**JUN 18, 2020 10:48 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                          Civil Action File No.
                                                        20SC-0572-A
                    Plaintiff,

v.

WAL-MART STORES EAST, LP,

                    Defendant.
_____/

<u>NOTICE OF TAKING DEPOSITION</u>

YOU ARE HEREBY notified that beginning on the 18th day of September, 2020, commencing at 11:00 a.m., at the offices of Wood Craig & Avery, LLC, 1201 Peachtree Street NE, Suite 1700, Atlanta, GA, the deposition will be taken of Angela Hoskins.  Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

    /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via Peach

Court E-File.

This the <u>18th</u> day of June, 2020.

McLAIN & MERRITT, P.C.

 <u>/s/ Howard M.  Lessinger</u>
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**20SC-0572-A**
**Judge Leslie Abernathy-Maddox**
**JUN 18, 2020 10:48 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                    Civil Action File No.
20SC-0572-A
              Plaintiff,

v.

WAL-MART STORES EAST, LP,

              Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)   REQUEST FOR ADMISSIONS

2)   ANSWERS TO REQUEST FOR ADMISSIONS

3)   INTERROGATORIES AND REQUEST FOR PRODUCTION

McLAIN & MERRITT, P.C.

/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Peachcourt E-File.

This the <u>18th</u> day of June, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

20SC-0572-A

Judge Leslie Abernathy-Maddox
JUL 30, 2020 10:52 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                          Civil Action File No.
                                         20SC-0572-A
            Plaintiff,

v.

WAL-MART STORES EAST, LP,

            Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)     DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

                        McLAIN & MERRITT, P.C.

                        /s/ Jennie E. Rogers
                        Jennie E. Rogers
                        Georgia Bar No. 612725
                        Attorney for Defendant
                        WAL-MART STORES EAST, LP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>30th</u> day of June, 2020.

McLAIN & MERRITT, P.C.

*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E.,  Suite 500
Atlanta GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
12/18/2020 12:47 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
20SC-0572-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                             Civil Action File No.
                                            20SC-0572-A
            Plaintiff,

v.

WAL-MART STORES EAST, LP,

            Defendant.

_____/

## **CONSENT MOTION TO EXTEND OF THE DISCOVERY PERIOD**

Plaintiff, Defendant, move this Court for an Order extending the time for completion of discovery to and through **March 28, 2021.**  The Complaint was filed on June 9, 2020 and a timely answer was filed on June 18, 2020.  Discovery expires on December 18, 2020.

The parties have diligently conducted discovery, including the exchange of written discovery. Plaintiff's deposition was scheduled for September 18, 2020 but was rescheduled due to plaintiff's on-going medical treatment. Plaintiff has not supplemented her discovery with the new medical records and bills, but anticipates doing so shortly. Plaintiff's deposition has been tentatively rescheduled for January 13, 2021.

The parties will need additional time to schedule the Walmart employee depositions, Plaintiff's treating physicians, and experts.  The parties are looking to schedule these depositions in late February and into March 2021.

WHEREFORE, the parties request that this Honorable Court enter the attached Consent Order extending the time for the completion of discovery through **March 28, 2021.**


/s/ *Sean S. Campbell*
Sean S. Campbell
Georgia Bar No. 324930
Attorney for Plaintiff
1201 Peachtree Street NE, Suite 1700
Atlanta, GA 30361
sean@woodcraig.com

/s/ *Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326-3240
jrogers@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                    Civil Action File No.
                                                   20SC-0572-A

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## CONSENT ORDER EXTENDING THE DISCOVERY PERIOD

For good cause shown, and with the consent of all parties, IT IS HEREBY

ORDERED that the time within which discovery may be completed in the above-

styled case is hereby extended through and including **March 28, 2021.**

SO ORDERED this _____ day of _____, 2020.

                              _____
                              Honorable Leslie Abernathy-Maddox
                              Judge, Forsyth County Superior Court

*/s/ Sean S. Campbell*                              */s/ Jennie E. Rogers*

Sean S. Campbell                                   Jennie E. Rogers
Georgia Bar No. 324930                             Georgia Bar No. 612725
Attorney for Plaintiff                             Attorney for Defendant
1201 Peachtree Street NE, Suite 1700               3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30361                                  Atlanta, GA  30326-3240
sean@woodcraig.com                                 jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

**Judge Leslie Abernathy-Maddox**
**DEC 21, 2020 12:01 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                           Civil Action File No.
                                          20SC-0572-A
            Plaintiff,

v.

WAL-MART STORES EAST, LP,

            Defendant.

_____/

<u>CONSENT ORDER EXTENDING THE DISCOVERY PERIOD</u>

For good cause shown, and with the consent of all parties, IT IS HEREBY

ORDERED that the time within which discovery may be completed in the above-

styled case is hereby extended through and including **March 28, 2021.**

SO ORDERED this ⎯21st⎯ day of ⎯⎯Dec⎯⎯, 2020.

Honorable Leslie Abernathy-Maddox
Judge, Forsyth County Superior Court

/s/ *Sean S. Campbell*                     /s/ *Jennie E. Rogers*
Sean S. Campbell                           Jennie E. Rogers
Georgia Bar No. 324930                     Georgia Bar No. 612725
Attorney for Plaintiff                     Attorney for Defendant
1201 Peachtree Street NE, Suite 1700       3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30361                          Atlanta, GA  30326-3240
sean@woodcraig.com                         jrogers@mmatllaw.com

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

**Judge Leslie Abernathy-Maddox**
**JAN 08, 2021 10:24 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                           Civil Action File No.
                                          20SC-0572-A
       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)    DEFENDANT'S NOTICE OF DEPOSITION.

This 8th day of January, 2021.

McLAIN & MERRITT, P.C.

/s/ Jennie E. Rogers
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Peachcourt E-File.

This the 8th day of January, 2021.

McLAIN & MERRITT, P.C.

<u>/s/ Jennie E. Rogers</u>
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0572-A**

**Judge Leslie Abernathy-Maddox**
**JAN 08, 2021 10:24 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA HOSKINS,                                    Civil Action File No.
                                                   20SC-0572-A
            Plaintiff,

v.

WAL-MART STORES EAST, LP,

            Defendant.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)      DEFENDANT'S NOTICE OF DEPOSITION.


This 8th day of January, 2021.



                                McLAIN & MERRITT, P.C.

                                /s/ Jennie E. Rogers
                                Jennie E. Rogers
                                Georgia Bar No. 612725
                                Attorney for Defendant
                                WAL-MART STORES EAST, LP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 8th day of January, 2021.

McLAIN & MERRITT, P.C.

/s/ Jennie E. Rogers
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com